UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IBTISAM S.S.,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

Case No. 24-cv-12983
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 16) TO
REPORT AND RECOMMENDATION (ECF No. 15); (2) GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14);
AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (ECF No. 12)**

On October 11, 2020, Plaintiff Ibtisam S.S. applied for disability insurance benefits and supplemental security income benefits under the Social Security Act. (*See* ECF No. 9-1, PageID.267-69, 284-92.)  The applications were denied at the initial administrative level on August 17, 2022, and upon reconsideration on January 23, 2023. (*See id.*, PageID.176-84, 188-94.)  Following the denial of her applications, Ibtisam S.S. requested and received a hearing before an Administrative Law Judge ("ALJ"). (*See id.*, PageID.73, 195).  That hearing was held on August 18, 2023.  Both Ibtisam S.S. and a vocational expert (the "VE") testified at the hearing. (*See id.*, PageID.73-113.)

1

The ALJ issued a written decision denying Ibtisam S.S.'s applications for benefits on November 29, 2023. (*See id.* PageID.37-60.) In that decision, the ALJ adopted a residual functional capacity ("RFC") for Ibtisam S.S. that did not include any restrictions related to Ibtisam S.S.'s claimed need for a cane. (*See id.*) Ibtisam S.S. appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See id.*, PageID.28-36.)

On November 11, 2024, Ibtisam S.S., through counsel, filed this action seeking judicial review of the ALJ's decision. (*See* Compl., ECF No. 1.) Ibtisam S.S. and the Commissioner thereafter filed cross-motions for summary judgment. (*See* Ibtisam S.S. Mot., ECF No. 12; Comm'r Mot., ECF No. 14.) In her motion for summary judgment, Ibtisam S.S. argued that the ALJ erred in adopting an RFC assessment that "did not include any limitation specifically for [Ibtisam S.S.'s] use of a cane." (Ibtisam Mot., ECF No. 12, PageID.991. *See also id.*, PageID.990 ("The ALJ's rejection of [Ibtisam S.S.'s] need for a cane was in error"); PageID.993 (arguing that when assessing Ibtisam S.S.'s RFC, the "ALJ was not permitted to ignore Dr. Sarsam's diagnosis and plan that [Ibtisam S.S.] use a cane for safety and mobility").) In addition, Ibtisam S.S. argued that the ALJ's failure to include limitations in the RFC arising from her use of a cane was "not harmless." (*Id.*, PageID.993.)

The assigned Magistrate Judge issued a report and recommendation on the parties' cross-motions on March 10, 2024 (the ("R&R"). (*See* R&R, ECF No. 15.) In the R&R, the Magistrate Judge recommended granting the Commissioner's motion and denying Ibtisam S.S.'s motion. (*See id.*) The Magistrate Judge rejected Ibtisam S.S.'s argument that the ALJ erred in adopting an RFC that did not include limitations arising out of the use of a cane. (*See id.*, PageID.1019-1026.)  Then, critically, the Magistrate Judge further explained that even if the ALJ had erred by excluding from the RFC any limitations arising out of Ibtisam S.S.'s use of a cane, that error was harmless in light of certain testimony offered by the VE at the hearing:

> Although the undersigned suggests that the ALJ did not commit an error in crafting the RFC, even if there were error, it would be harmless. Failing to include a cane use limitation in the RFC or explaining why she found it unnecessary "is harmless when the claimant cannot show that the ultimate determination—that there were a significant number of available jobs—would have been different had such a limitation been included." Austin, 2020 WL 9460505, at *14 (citation omitted). During the colloquy between the ALJ and the VE at the hearing, the ALJ posed a series of hypothetical questions to find out whether a person with Plaintiff's relevant characteristics could perform any work, after the VE ruled out Plaintiff's ability to do her past relevant work. (ECF No. 9-1, PageID.98–99). The ALJ uses the hypothetical questions to determine whether there are a significant number of available jobs for a person with the claimant's characteristics and limitations. If there are, then the claimant is not disabled. Hypothetical one became the RFC—it limited Plaintiff to unskilled, light work. (Id. at PageID.98–99). The ALJ added cane use in the second hypothetical. (Id. at PageID.99). The VE responded that

3

an individual with that RFC still had one occupational group within the light work category, office clerk, and that additional occupations were eliminated due to the "contact with the public" limitation, not the use of a cane limitation. (Id.). *As the court in Austin noted, courts in the Sixth Circuit have held that an ALJ's failure to include a cane use limitation in the RFC "was harmless error when the VE's testimony identified several jobs at the sedentary level that would be available to the claimant had the use-of-a-cane limitation been integrated into the RFC finding." Austin, 2020 WL 9460505, at \*14 (collecting cases). Because the VE testified that a person with Plaintiff's characteristics and limitations could perform jobs in the national economy at the light work level and while using a cane to walk, the ALJ's decision to omit cane use from the RFC is harmless error, if it is at all error.*

(*Id.*, PageID.1026-1027; emphasis added.)

Ibtisam S.S. filed a timely objection to the R&R on March 24, 2026. (*See* Objection, ECF No. 16.)  Her objection does not address, or even mention, the Magistrate Judge's alternative conclusion that even if the ALJ improperly failed to account for Ibtisam S.S.'s claimed need for a cane when crafting the RFC, that error was harmless.  And because she failed to object to that portion of the R&R, she is not entitled to review of it. *See, e.g.*, *Aaron v. Kimmel*, No. 11-13567, 2012 WL 5990130, at \*1 (E.D. Mich. Nov. 30, 2012) ("If a party disagrees with part of a report and recommendation, the party must either raise the disagreement in an objection or waive the disagreement"); *Wofford v. Sloan*, No. 5:16-CV-0159, 2019 WL 91574, at \*1 (N.D. Ohio Jan. 3, 2019) ("By failing to file written objections to the other sections [of a report and recommendation], Wofford has waived any objection to

[those] remaining portions"); *Land Mine Enters. v. Sylvester Builders, Inc.*, 74 F. Supp. 2d 401, 405 (S.D.N.Y. 1999) ("Land Mine's failure to raise any objection to that portion of the Report and Recommendation waives all such objections and precludes further review by this Court"), *aff'd,* 234 F.3d 1262 (2d Cir. 2000).[1]  That failure has real consequences because the Magistrate Judge's harmless error recommendation provides an independent basis on which to affirm the ALJ's decision denying benefits.  For all of these reasons, Ibtisam S.S.'s objection is **OVERRULED**.

Accordingly, for all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Ibtisam S.S.'s objections to the R&R (ECF No. 16) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 15) is **ADOPTED**;

---

[1] *See also Bryce M. v. Colvin*, No. 2:24-CV-00450-SB-SK, 2025 WL 1277843, at *3 (C.D. Cal. Feb. 28, 2025) ("Because Plaintiff states no objection to those two other reasons supporting the ALJ's adverse credibility finding that the Magistrate Judge credited, he has waived any objections to those portions of the Report and Recommendation"); *Desai v. Garfield Sch. Dist.*, No. 4:23-CV-00103-DN-PK, 2024 WL 4143794, at *1 (D. Utah Sept. 11, 2024) ("Plaintiff's failure to specifically object to these portions of the Report and Recommendation constitutes a waiver of objection to these portions").

- Ibtisam S.S.'s motion for summary judgment (ECF No. 12) is

  **DENIED**; and

- The Commissioner's motion for summary judgment (ECF No. 14) is

  **GRANTED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2026


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 26, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126

6